WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold Eugene Markland,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>　　　　　Respondents. | No.  CV 14-2563-PHX-SMM (MEA)<br><br><br>**O R D E R** |

Petitioner Harold Eugene Markland, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.  Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR-2006-006142-001-DT, of aggravated assault and attempted kidnapping. He was sentenced to consecutive, 12- and 5-year terms of imprisonment, respectively. In his Petition, Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises twelve[1] grounds for relief:

  1. In Ground One, Petitioner contends his convictions were obtained as the result of evidence that was insufficient to

---

[1] Petitioner's grounds for relief are numbered as Grounds One through Seven and Grounds Nine through Thirteen, omitting a "Ground Eight."

TERMPSREF

persuade a properly instructed, reasonable jury, beyond a reasonable doubt. Petitioner claims this violated his Fifth, Sixth, and Fourteenth Amendment right to due process.

2. In Ground Two, he alleges the State failed to disclose evidence favorable to the accused during the pretrial discovery stage. Petitioner claims this violated his Fourth, Fifth, and Fourteenth Amendment right to due process.

3. In Ground Three, Petitioner asserts that the State failed to provide confidential records or his "lawyer never requested or subpoenaed never using hospital or doctor[']s report which provides exculpatory information fictitious bullet wound and other alleged injuries." Petitioner claims this violated his Fifth and Fourteenth Amendment right to due process.

4. In Ground Four, he claims he was denied the right to access potentially exculpatory biological evidence "in violation of balancing test which weighed the risk of convicting an innocent person against the government[']s risk of a[]voiding disclosure of exculpatory blood trail in front of house." He contends this violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial.

5. In Ground Five, Petitioner asserts that the prosecutor knowingly used perjured testimony to obtain a conviction and knew or should have known that the testimony was false. Petitioner alleges this violated his Fourth, Fifth, and Fourteenth Amendment right to a fair trial.

6. In Ground Six, Petitioner claims his conviction resulted from state court errors which, taken together, denied Petitioner a fair trial. He claims the trial court excluded "crucial key battleground evidence." Petitioner alleges this violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial.

7. In Ground Seven, he asserts he was denied the right to defend by the trial court's and the prosecution's "restrictions or presentation of culpability evidence that a third party . . . had committed the actual charged crime." Petitioner claims this violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial.

8. In Ground Nine, Petitioner contends that "[o]utside influences upon the jury raise a presumption of prejudice that imposes a

heavy burden on the state to overcome by showing that the influences were harmless to Petitioner." Petitioner asserts that this violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights to a jury trial and a fair trial.

9. In Ground Ten, he asserts that he is "actually innocent of committing the charged crime: hence procedural default cannot be used to deny him the right to have his habeas claim heard on its merits." Petitioner claims the prosecutor withheld witness statements and that there is evidence to believe these statements provide "exculpatory evidence of innocence neg[a]tive to [the] prosecution[']s case." Petitioner alleges that this violated his rights to due process and a fair trial under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

10. In Ground Eleven, Petitioner claims he received ineffective assistance of counsel's advice regarding an appeal, in violation of his Sixth and Fourteenth Amendment rights. He asserts that his attorneys were ineffective "for failing to advise the defendant of the right to appeal where the defendant could have been expected to appeal specifically to Exhibits 30, 19, 2, 43 & 40 and obviously issues raised in this appeal."

11. In Ground Twelve, he contends that his trial counsel was ineffective in failing to file a motion in limine "in reference to Petitioner[']s relationship." Petitioner claims this violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights to counsel, due process, and a fair trial.

12. In Ground Thirteen, Petitioner asserts that his trial counsel was ineffective in failing to file a "motion to dismiss, for mistrial trigg[er]ed by [the] state" when the lead investigator "did not return under subpoena." Petitioner contends this violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights to effective assistance of counsel, due process, and a fair trial.

. . . .

. . . .

. . . .

. . . .

**TERMPSREF**

- 3 -

Petitioner alleges that he presented all of these issues to the Arizona Court of Appeals and also presented the issue in Ground One to the Arizona Supreme Court. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).[2]

## II.  Warnings

### A.  Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.  Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.  Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

---

[2] The Court notes that Petitioner states that he has a petition for review pending in the Arizona Supreme Court regarding a "Motion to Compel Exculpatory Evidence E.R. Rule 3.8G(1)(2) H (New Rule)."

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 8th day of December, 2014.

*[signature]*
Stephen M. McNamee
Senior United States District Judge

TERMPSREF