# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold Eugene Markland,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-14-02563-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1.) The matter was referred to Magistrate Judge Deborah M. Fine for a Report and Recommendation, who filed a Report and Recommendation with this Court recommending that the petition be denied and dismissed with prejudice. (Doc. 17.) Petitioner then filed a reply to the Report and Recommendation (entitled "Reply to the Report and Recommendation 'Evidentiary Hearing Requested w/ Newly Discovered Evidence Used During Trial as Exhibit 30 Withheld from Jury'"), Respondents responded, and Petitioner submitted another reply ("second reply"). (Docs. 25-27.) For the reasons that follow, the Court will adopt the Report and Recommendation and deny Petitioner's Petition for Writ of Habeas Corpus.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

Rule 72(b)(3) requires a district judge to review de novo those portions of the Report and Recommendation that have been "*properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). A proper objection requires "*specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). An ineffective general objection has the same effect as a failure to object. Warling v. Ryan, No. CV-12-1396, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (further citations omitted). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

## DISCUSSION[1]

The Magistrate Judge filed a thorough thirty page Report and Recommendation ("R&R") recommending denial of habeas relief for Petitioner's Petition for Writ of Habeas Corpus. (Doc. 17.) Petitioner's reply appears to contain four objections to the R&R. (Doc. 25.)

Respondents argue that Petitioner's reply is improper because it does not point to any specific flaws in the Magistrate Judge's analysis in the R&R, in violation of Fed. R. Civ. P. 72(b)(2). (Doc. 26 at 2.) Respondents further argue that this failure has the same effect as a failure to object, i.e., that the Court is not required to conduct a review of the R&R before adopting it. (Id., citing cases.) Petitioner does not respond to this argument in his second reply. (Doc. 27.)

The Court concurs with Respondents. Petitioner's purported objections are ineffective general objections. Therefore, the Court is under no obligation to review

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation. (Doc. 17.)

them. Warling, 2013 WL 5276367, at *2 (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)). Notwithstanding this, the Court addresses Petitioner's argument that the Magistrate Judge's finding on Count One shows ineffective assistance of counsel and therefore Count One "should be investigated and given to petitioner." (Doc. 25 at 3.) The Court will not address this objection on the merits because Petitioner did not exhaust this ineffective assistance of counsel claim, as he must, in his state post-conviction relief petition. Therefore, Petitioner's argument is procedurally barred.

Having reviewed the Report and Recommendation of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

The standard for this Court to issue a Certificate of Appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11(a) of the Rules Governing Section 2254 Cases. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

## CONCLUSION

Accordingly, on the basis of the foregoing,

**IT IS HEREBY ORDERED** adopting the Report and Recommendation of the Magistrate Judge. (Doc. 17.)

**IT IS FURTHER ORDERED** dismissing with prejudice Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1.) The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because (1) Petitioner has not made a substantial showing of the denial of a constitutional right and (2) the dismissal is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 19th day of March, 2018.

Honorable Stephen M. McNamee
Senior United States District Judge